UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEUTSCHE BANK TRUST
COMPANY AMERICAS,**

　Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No: 8:24-cv-998-MSS-NHA

**KATALIN KOZMA,**

　Defendant.
_____

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Notice of Removal, (Dkt. 1), and Defendant's Emergency Motion for Preliminary Injunction. (Dkt. 2) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **REMANDS** the action to state court and **DENIES** Defendant's Motion, as described herein.

On April 25, 2024, Defendant removed this foreclosure action, which appears to have been pending in the Twelfth Judicial Circuit Court for Sarasota County since February 23, 2017.[1] (Dkt. 1) Defendant states the removal is filed pursuant to Section 3 of the Civil Rights Act of 1866 because she cannot enforce her rights in state court. (Id. at ¶ 2) For this reason, Defendant asserts this Court has federal question jurisdiction over the case. (Id. at ¶ 7(a)) On April 29, 2024, Defendant filed an

---

[1] Deutsche Bank Trust Co. v. Kozma, 2017 CA 000935 NC (Fla. 12th Cir. Ct. Feb. 23, 2017), https://www.sarasotaclerk.com/ (last visited Apr. 29, 2024).

emergency motion for preliminary injunction. (Dkt. 2) Defendant seems to request injunctive relief in the form of a reversal of the state court's authorization of a foreclosure sale that occurred on April 26, 2024. (Id. at ¶¶ 12, 31) To the extent the foreclosure sale is not yet final, Defendant seeks an order from this Court enjoining the sale. (Id. at ¶¶ 46–48)

The Court must remand this action to the Twelfth Judicial Circuit Court for several reasons. First, federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over "civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. 1331. "To determine whether the claim arises under federal law, we examine the well-pleaded allegations of the Complaint and ignore potential defenses[.]" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Id. "In other words, a federal district court must have original jurisdiction over the initial action." Midwood Mgmt. Servs. LLC v. Tolbert, No. 23-cv-00250, 2023 WL 2719484, at *1 (N.D. Ga. Jan. 18, 2023). Under 28 U.S.C. § 1447(c), a case removed from state court must be remanded if it appears that it was removed improvidently.

Neither the underlying foreclosure action nor Defendant's Notice of Removal provides a basis for removal. The state court complaint contains no questions of federal law, and "no federal statute grants federal jurisdiction over state foreclosure claims." Accredited Home Lenders, Inc. v. Santos, No. 10–cv–1562, 2010 WL 4612352, at *2

(M.D. Fla. Nov. 16, 2010) (remanding removal of a foreclosure action for lack of subject matter jurisdiction); Wells Fargo Bank v. Christensen, No. 15-cv-290, 2015 WL 13793337, at *3 (M.D. Fla. Jul. 30, 2015) (noting the Eleventh Circuit and many districts courts within the circuit have dismissed actions "where plaintiffs were, in reality, challenging state-foreclosure judgments"); Difour v. Florida, No. 22-cv-786, 2023 WL 2633329, at *1 (M.D. Fla. Mar 24, 2023) ("[T]he Court finds that this is ostensibly an action to challenge a state-foreclosure judgment and that this Court lacks subject matter jurisdiction over this action as it is pleaded.").

Additionally, this Court may not consider Defendant's counterclaim under the Civil Rights Act when determining whether it has federal question jurisdiction. First Guar. Bank & Trust Co. v. Reeves, 86 F. Supp. 2d 1147, 1153–55 (M.D. Fla. 2000). Although Defendant asserts the foreclosure sale violates the Civil Rights Act of 1866, there is no pending claim in the state court action under federal law. This Court may not exercise jurisdiction over this action.

Moreover, there was no state court action pending to remove at the time Defendant filed the Notice of Removal. "'[N]o case remains pending in the state court to "remove" once the case is final for purposes of direct review in the state court system.'" Aurora Loan Servs., LLC v. Allen, 762 F. App'x 625, 628 (11th Cir. 2019) (quoting Oviedo v. Hallbauer, 655 F.3d 419, 425 (5th Cir. 2011)).[2] The state court

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited here, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

entered its final judgment of foreclosure on November 12, 2019.[3] Defendant's bankruptcy case was dismissed in December 2022.[4] The Second District Court of Appeal issued two mandates affirming orders of the state court on May 10, 2021 and October 5, 2023, respectively.[5] "[N]othing remained for the state [court] to do but execute the judgment." Id. As such, Defendant's "'removal was improper and did not vest jurisdiction over the underlying case' in this Court." McLean v. Terence Nero, No. 20-cv-108, 2020 WL 2084775, at *1 (M.D. Fla. Apr. 30, 2020) (quoting Aurora Loan Servs., 762 F. App'x at 628–29).

Finally, Defendant's removal is untimely. See 28 U.S.C. § 1446(b) (setting forth a thirty (30)-day deadline for a defendant to file a notice of removal after receipt by the defendant of a pleading from which it may be ascertained that the case is removable); McLean, 2020 WL 2084775, at *1 (noting where the removed action was a 2012 state court foreclosure in which final judgment was entered in 2015, "[e]ven if this case had been removable, it is clearly outside of any theoretical thirty-day window").

Accordingly, it is **ORDERED**:

1. This case is **REMANDED** to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County.

2. Once remand is effected, the Clerk is **DIRECTED** to terminate any pending motions and deadlines and **CLOSE** this case.

---

[3] Deutsche Bank Trust Co. v. Kozma, 2017 CA 000935 NC (Fla. 12th Cir. Ct. Feb. 23, 2017), https://www.sarasotaclerk.com/ (last visited Apr. 29, 2024).
[4] Id.
[5] Id.

- 5 -

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of April 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party